NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
patents@pobox.com
Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE


| | | |
|---|---|---|
| COUNTRY LANE | : | |
| WOODWORKING LLC, | : | CIVIL ACTION NO. 16- |
| | : | |
| Plaintiff, | : | |
| v. | : | COMPLAINT |
| | : | |
| AMISH COUNTRY GAZEBOS, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |


Plaintiff, for its complaint against Defendant, alleges and avers as follows:


THE PARTIES, JURISDICTION AND VENUE


1.     Plaintiff, Country Lane Woodworking LLC (hereinafter ӑCountry Laneӧ) is

a Pennsylvania limited liability company, having a business address of 191 Jalyn Drive

New Holland, Pennsylvania 17557.

2.     Defendant, Amish Country Gazebos, Inc. (hereinafter "Amish Country") is a Pennsylvania corporation, having a business address of 340 Hostetter Road, Manheim, Pennsylvania 17545.

3.     This Court has jurisdiction over Count I of this complaint under 28 U.S.C. §1338(a) and 15 U.S.C. §1121 in that the cause of action stated herein arises under the Trademark Laws of the United States and, particularly, 15 U.S.C. §1125(a). This Court has jurisdiction over the remaining counts herein under the provisions of 28 U.S.C. §1338(b) in that the claims set forth therein are joined with substantial and related claims under the Trademark Laws of the United States. Jurisdiction over the remaining counts is also proper under 28 U.S.C. §1367.

4.     For many years, Amish Country has had substantial and continuous contacts with entities in the state of New Jersey in that it has entered into numerous contracts with residents of this state and has shipped products into the state. Personal jurisdiction over the Defendant is, therefore, proper.

5.     Venue is proper in this judicial district under 28 U.S.C. §1391.

<u>FACTS APPLICABLE TO ALL COUNTS</u>

6.     For more than 22 years, Country Lane has been producing high quality pergolas and pavilions. Country Lane's pergolas and pavilions are sold widely throughout the United States and are known for being of the highest quality in both materials and workmanship.

7.     Country Lane sells its pergolas and pavilions directly to the ultimate consumer and through independent distributors.

2

8.     In order to promote its pergolas and pavilions, Country Lane publishes catalogs of its products with photographs of the pergolas and pavilions of which there are more than eight different styles. Country Lane's catalogs are reproduced on paper and online.

9.     To assist its distributers in the marketing of its pergolas and pavilions, Country Lane provides them with the photographs which they are permitted to utilize when advertising or selling a Country Lane pergola or pavilion. This is done with the understanding and agreement that the photographs are to be used solely in connection with the sale of Country Lane products.

10.     Country Lane also provides its distributors with detailed engineering and assembly drawings of its pergolas and pavilions to assist them in constructing Country Lane pergolas and pavilions purchased from Country Lane.  This is also done with the understanding and agreement that the drawings are to be used solely in connection with the sale or construction of Country Lane products.

11.     Beginning in or about the fall of 2012, Amish Country acted as a distributor of Country Lane's pergolas and pavilions. As a distributor, Amish Country had access to Country Lane's photographs and drawings and used them in connection with the sale and construction of pergolas and pavilions sold to the public and purchased from Country Lane.

12.     By mutual agreement, the parties discontinued their relationship effective March 2, 2016 and it was agreed between the parties that Amish Country would discontinue all use of Country Lane's photographs and drawings.

13.     Despite Amish Country's agreement to discontinue all use of Country Lane's photographs and drawings, it continues to utilize them in connection with the promotion, sale and construction of pergolas and pavilions that are not supplied by Country Lane.

14.     More particularly, Amish Country includes numerous photographs in its catalogs and online which depict Country Lane's pergolas and pavilions. When a pergola or pavilion is purchased by a customer, however, Amish Country fills the order with its own pergola or pavilion that was not supplied by Country Lane and constructs the pergola or pavilion using Country Lane's drawings.

## COUNT I - FEDERAL UNFAIR COMPETITION

15.     Country Lane repeats the allegations of Paragraphs 1-14 above as if fully set forth herein.

16.     Amish Country's use of Country Lane's photographs and drawings to promote its pergolas and pavilions constitutes a false description and false representation in violation of 15 U.S.C. §1125(a).

## COUNT II - STATE AND COMMON LAW UNFAIR COMPETITION

17.     Country Lane repeats the allegations of Paragraphs 1-16 above as if fully set forth herein.

18.     The above-described acts of Amish Country also constitute unfair competition in violation of the statutory laws of New Jersey and Pennsylvania and at common law.

## COUNT III – BREACH OF CONTRACT

19.     Country Lane repeats the allegations of Paragraphs 1-18 above as if fully set forth herein.

20.     The above-described acts of Amish Country are a breach of the agreement and contract between the parties concerning the use of the photographs and drawings.

WHEREFORE, Country Lane prays for judgment against Amish Country as follows:

A.     That Amish Country, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined pendente lite and thereafter from utilizing any of Country Lane's photographs or drawings to promote or construct any pergola or pavilion not supplied by Country Lane.

B.     That Amish Country return to Country Lane all copies of all photographs and drawings of Country Lane's pergolas and pavilions in its possession.

C.     That Amish Country be required to account for and pay over to Country Lane all gains, profits and advantages derived by Amish Country and, in addition, the damages sustained by Country Lane as a result of Amish Country's unfair competition together with legal interest from the date of accrual thereof and that, because of the willful nature of such unfair competition, and pursuant to 15 U.S.C. §1117 and state law, the Court enter judgment for three times the amount of said damages.

D.     That pursuant to 15 U.S.C. §1117 and state law, Amish Country be required to pay Country Lane the cost of this action and reasonable attorney's fees.

E.     That Country Lane have such other and further relief as this Court deems just and proper.


NORMAN E. LEHRER, P.C.


By: /s/ Norman E. Lehrer
     Norman E. Lehrer
     Attorneys for Plaintiff



DEMAND FOR JURY TRIAL


Plaintiff, by its attorney, hereby demands a trial by jury of all issues triable by jury.

NORMAN E. LEHRER, P.C.


By: /s/ Norman E. Lehrer
     Norman E. Lehrer
     Attorneys for Plaintiff

DECLARATION UNDER LOCAL RULE 11.2


I hereby declare that, to the best of my knowledge, this matter is not the subject of

any other pending action in any court, or of any pending arbitration or administrative proceeding.


NORMAN E. LEHRER, P.C.


By: /s/ Norman E. Lehrer
     Norman E. Lehrer
     Attorneys for Plaintiff

7